UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN FRITZ, #525550,

    Plaintiff,

CASE NO. 2:21-CV-50

v.

HON. ROBERT J. JONKER

DONALD WEIKUM,

    Defendant.
_____/

### ORDER APPROVING AND ADOPTING, IN PART, REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Maarten Vermaat's Report and Recommendation in this matter (ECF No. 45), Plaintiff Bryan Fritz's Objections (ECF No. 50), and Defendant Donald Weikum's Objections (ECF No. 46). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objections; and Defendant's Objections.

For the reasons that follow, the Court adopts, in part, the Magistrate Judge's Report and Recommendation.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 action is brought by Plaintiff, a state prisoner, alleging violation of his constitutional rights to receive medical care. On July 16, 2021, Plaintiff filed a motion for summary judgment. (ECF No. 19.) On November 23, 2021, Defendant filed a motion for summary judgment. (ECF No. 31.) The Magistrate Judge recommends denying "both motions for summary judgment because there are genuine issues of material fact concerning whether [Plaintiff]'s pericoronitis constituted a serious medical need, and whether [Defendant] was deliberately indifferent by failing to treat the pericoronitis with medication upon diagnosis." (ECF No. 45, PageID.332.)

## DISCUSSION

The Court has carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Court accepts and adopts the Magistrate Judge's recommendation to deny Plaintiff's Motion for Summary Judgment. However, the Court respectfully rejects the Magistrate's recommendation to deny Defendant's Motion for Summary Judgment. On the summary judgment record, the Court does not believe a reasonable factfinder could conclude that Defendant Weikum acted with the subjective mental state required for an Eighth Amendment deliberate indifference claim. Accordingly, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

A prison official violates the Eighth Amendment only when objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the deprivation alleged must be, objectively, "sufficiently serious." *Id.* Furthermore, for a claim based on a failure to

prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second, the official must have a "sufficiently culpable state of mind," which means that the official acted with "deliberate indifference" to inmate health or safety. *Id.* An official acts with deliberate indifference if the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The Sixth Circuit has explained that a "plaintiff must show that each defendant acted with a mental state 'equivalent to criminal recklessness.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018).

Here, Defendant argues that the Magistrate Judge erred in applying the objective and subjective prongs of the deliberate indifference standard. The Court disagrees with Defendant on the objective prong. Defendant advocates use of the Michigan Department of Corrections Policy Directive as a marker of a sufficiently serious condition. But the State's Policy does not control whether a lack of treatment posed a substantial risk of serious harm. The Magistrate Judge applied the proper objective standard. In applying the objective standard, the Magistrate found a genuine issue of material fact as to whether Plaintiff's condition was a serious medical need. The Court agrees that a jury could find that Plaintiff's pericoronitis amounted to a serious condition, and summary judgment is not appropriate on this issue.

However, the Court agrees with Defendant and sustains Defendant's objection to the Magistrate's application and analysis of the subjective prong. Defendant argues that no reasonable jury could find he acted with a mental state "equivalent to criminal recklessness" in not prescribing pain medication or antibiotics at the August 7, 2019 appointment, which was the first time Plaintiff was diagnosed with pericoronitis. Defendant notes that he immediately ordered Plaintiff be on the

3

list for tooth extraction – the recognized corrective treatment – and that at the initial appointment Plaintiff showed no signs of infection, did not complain of an inability to eat or to sleep, or otherwise show serious symptoms requiring treatment.

The Court finds no genuine issue of material fact as to the subjective prong. A reasonable jury could not find Defendant acted with deliberate indifference "equivalent to criminal recklessness." First, the time from the diagnosis in August 2019 to the extractions in November 2019 was only three months. During those months, Plaintiff visited dental professionals at least five times and received treatments to ease his pain and symptoms as they deteriorated after the initial appointment on August 7, 2019. From Plaintiff's own descriptions and the condition of his teeth and gums, Defendant did not find that medication was necessary at the August 7, 2019 appointment, but he did find that the teeth needed to be removed and he scheduled extractions. At the first post-diagnosis visit – just a few weeks later – Plaintiff was prescribed pain medications and antibiotics that he continued to use until the extractions. During that month in between diagnosis and receipt of medication, Defendant was clearly not aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he did not draw such an inference. Overall, there is no basis to conclude that Defendant was "criminally reckless."

Defendant also argues that he is entitled to qualified immunity because there is no case that clearly establishes Plaintiff's right to particular medication on these facts. The Court agrees with Defendant. Government officials are shielded from liability for civil damages under qualified immunity if their actions did "'not violate a clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, there is no case cited in which diagnosis and extraction ordered on this timeframe with consistent monitoring and

4

treatment along the way amounted to deliberate indifference. To the contrary, the cases involving pericoronitis deal with dentists who prescribed medication rather than order extraction. *See* ECF No. 45, Report and Recommendation, at PageID.342. Here, Defendant ordered extractions immediately upon making the diagnosis, and Defendant and other professionals monitored Plaintiff's condition and prescribed additional treatment as warranted until the extractions could happen. Thus, there is no clearly established constitutional right under these circumstances. As such, Defendant is entitled to summary judgment on qualified immunity grounds as well.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 45) is **ADOPTED IN PART** and **REJECTED IN PART**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 19) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 31) is **GRANTED**.

4. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

It is further ordered that this case is **DISMISSED**. A separate Judgment shall enter.

Dated:     March 7, 2022              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE